# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ABNER et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>       Defendant. | CIVIL ACTION<br><br>No. 2:24-cv-01129-RJC<br><br>**FEDERAL EXPRESS CORPORATION'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System Inc., ("FedEx") respectfully requests an extension of FedEx's time to respond to Plaintiffs' amended complaint until 14 days after the Court decides FedEx's upcoming Motion for Rule 11 Sanctions to Dismiss Plaintiffs' First Amended Complaint (the "Rule 11 Motion"), in the event that it needs to be filed, based on the following:

1. On August 6, 2024, Lichten & Liss-Riordan, P.C. ("LLR") filed a mass action complaint against FedEx, bringing individual FLSA and state law claims on behalf of over 11,000 Plaintiffs. (ECF No. 1.)

2. Before serving FedEx, on September 24, 2024, LLR filed an amended complaint that removed 298 Plaintiffs. (ECF No. 17.)

3. LLR sent a request for waiver of service of the amended complaint on October 3, 2024, which FedEx returned the same day, making FedEx's response to the amended complaint due on December 2, 2024.

4. Since becoming aware of Plaintiffs' complaints in this and the three other mass actions, totaling over 12,000 individuals, FedEx began a diligent investigation into many of the Plaintiffs' claims, including their prior participation in the *Claiborne* and *Roy* cases, if at all, their status in those cases (if they were ever part of those cases at all and, if so, if they had been dismissed, failed to complete discovery if they were discovery opt-ins, etc.), as well as how LLR confirmed (if at all) that these Plaintiffs had valid claims or would participate fully as Plaintiffs. This was a time-consuming process, as was then compiling all of the information it discovered into separate Rule 11 motions for each case—each of which, while having similar Rule 11 violations, also have different examples of how LLR's failure to comply with Rule 11 played out.

5.  During this process, FedEx also attempted to confer with LLR over the course of two months, in an effort to have a better understanding of Plaintiffs' groupings of the Plaintiffs in the different complaints so that FedEx could be more efficient in its investigation of the Plaintiffs in the complaints. FedEx's counsel made numerous requests to confer on this, but LLR never once responded. Despite this, FedEx was still able to serve on LLR its four motions covering four complaints containing over 12,000 Plaintiffs well before its December 2, 2024, response deadline.

6.  In accordance with Rule 11(c)(2), FedEx served its Rule 11 Motion on Plaintiffs' counsel on November 7, 2024, requesting that Plaintiffs voluntarily dismiss the amended complaint without prejudice within 21 days, by November 29, 2024. If Plaintiffs do not dismiss the amended complaint, FedEx will file its Rule 11 Motion on December 2, 2024.

7.  Plaintiffs' dismissal of the amended complaint within the Rule 11 safe harbor time period would obviate the need for FedEx to file its Rule 11 motion and would moot FedEx's current December 2, 2024, response deadline. However, in the event the Rule 11 Motion needs to be filed, FedEx is filing this motion in advance of Plaintiffs' safe harbor deadline because FedEx cannot file its Rule 11 Motion before that safe-harbor deadline passes. As a result, FedEx would be filing its Rule 11 Motion, which itself requests dismissal of Plaintiffs' amended complaint as the relief, on the same day as its deadline to respond to that complaint.

8.  In the event that Plaintiffs do not dismiss the amended complaint by November 29, 2024, and FedEx needs to file its Rule 11 Motion requesting that the Court do so, FedEx would be prejudiced by having to respond to Plaintiffs' complaint before a ruling by the Court on the dismissal request.

9. In its Rule 11 Motion, FedEx argues that being required to respond to the current amended complaint would cause it substantial prejudice. Moreover, substantial time and resources would be wasted if FedEx were required to respond to the amended complaint only to have the Court subsequently grant FedEx's Rule 11 Motion and dismiss it. As a result, FedEx respectfully requests that the Court assess and decide FedEx's Rule 11 arguments before FedEx is required to respond to the amended complaint.

10. Additionally, if FedEx were required to respond to Plaintiffs' current amended complaint, it would not be able to respond with an answer. Instead, it would be forced to file a combination of a motion for more definite statement and motion to dismiss as the complaint is lacking sufficient information (such as time frames for when actual overtime was supposedly due and unpaid) for FedEx to be able to respond in large part and some allegations already show dismissal under Rule 12(b)(6) is warranted.

11. For the foregoing reasons, FedEx respectfully request that this Court grant FedEx an extension of time to respond to Plaintiffs' amended complaint, such that FedEx's response will be due 14 days after the Court's ruling on the Rule 11 Motion, in the event that the Rule 11 Motion is filed.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 16.1.B.5 and Judge Colville's Standing Order and Procedures re: Civil Motion Practice, FedEx certifies that it has conferred in good faith with Plaintiffs' counsel before filing this motion and that Plaintiffs do not object to the relief requested.

Dated: November 18, 2024                    Respectfully submitted,

*s/ Jessica G. Scott*
Jessica G. Scott (CO 37287) (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:    303.244.1800
Facsimile:     303.244.1879
scott@wtotrial.com

Joseph P. McHugh (PA 77489)
Shanicka L. Kennedy (PA 88306)
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA  15108
Telephone:   412.859.5917
Telephone:   412.859.5792
Facsimile:    412.859.5413
joseph.mchugh@fedex.com
shanicka.kennedy@fedex.com

Attorneys for Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc.

4

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on November 18, 2024, I electronically filed the foregoing **FEDERAL EXPRESS CORPORATION'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Sara R. Schalman-Bergen**
  ssb@llrlaw.com, courtssb@llrlaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Matthew Carrieri**
  mcarrieri@llrlaw.com

- **Jeremy Edward Abay**
  jabay@llrlaw.com

- **Harold Lichten**
  hlichten@llrlaw.com

*s/ Jessica G. Scott*