IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ABNER et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>        Defendant. | CIVIL ACTION<br><br>No. 2:24-cv-01129-RJC<br><br>**FEDERAL EXPRESS CORPORATION'S MOTION FOR RULE 11 SANCTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc., ("FedEx") moves the Court to dismiss the amended complaint without prejudice as a sanction under Federal Rule of Civil Procedure 11, and require Plaintiffs' counsel to (1) effectively communicate with each potential Plaintiff about their obligations as a named Plaintiff as opposed to being a class or collective action member and to obtain their informed consent to be such a Plaintiff, (2) ensure each Plaintiff is willing and able to participate and meet the obligations of being a Plaintiff (including preservation of documents), (3) detail a plan for the Court as to how Plaintiffs' counsel can meet Plaintiffs' discovery and other obligations in a timely and efficient manner, and (4) conduct a reasonable investigation under the circumstances to determine whether each potential Plaintiff's claims "are warranted by existing law" and "have evidentiary support or . . . will likely have evidentiary support" before permitting Plaintiffs' counsel to refile. *See* Fed. R. Civ. P. 11(b)(2)-(3). In accordance with Rule 11(c)(2), FedEx also requests all reasonable expenses, including attorneys' fees, incurred for the preparation and filing of this memorandum, the motion, and the attached exhibits, including Ms. Scott's declaration.

Plaintiffs' counsel, Lichten & Liss-Riordan, P.C. ("LLR"), has violated Rule 11(b)(1) because the amended complaint was filed to harass, cause unnecessary delay, and needlessly increase the cost of litigation in two ways. First, LLR did nothing to ensure that the Plaintiffs included in the amended complaint are real Plaintiffs that understand the obligations and potential liabilities associated with being Plaintiffs. Second, LLR knows from the years it spent seeking (and in many instances failing) to obtain <u>limited</u> discovery from named Plaintiffs and opt-ins in the *Claiborne* case that it cannot properly litigate this case on behalf of over 11,000 individuals.

LLR has also violated Rule 11(b)(2)-(3) because it has not conducted any reasonable inquiry as to each Plaintiff to ensure the legal or factual viability of their claims. This is demonstrated by LLR's inclusion of Plaintiffs that are named Plaintiffs remaining in *Claiborne*, who were dismissed with prejudice in *Claiborne*, brand new Plaintiffs that were never *Claiborne* opt-ins and therefore have time-barred claims on the face of the complaint, and Plaintiffs who have already litigated their claims against FedEx, and lost.

FedEx should not be required to respond to a complaint that is indisputably in violation of Rule 11. For these reasons, FedEx respectfully requests that the Court grant its motion, and impose the sanction of dismissing this case, without prejudice, so that LLR can meet its obligations under Rule 11, as discussed above, before refiling. FedEx also respectfully requests an award of attorneys' fees and costs under Rule 11(c)(2).

FedEx's motion is supported by its concurrently-filed memorandum in support, the declaration of Attorney Jessica Scott, and all exhibits.

## CERTIFICATE OF CONFERRAL AND COMPLIANCE WITH RULE 11

In accordance with Federal Rule of Civil Procedure 11(c)(2), FedEx served this motion, accompanying memorandum, declaration, and exhibits on LLR in accordance with Rule 5 on November 7, 2024, and requested that LLR dismiss without prejudice the amended complaint within 21 days (November 29, 2024). In email response, on November 18, LLR stated, "it would be helpful if you have already compiled any lists of drivers who you think were improperly included so we can check on them" and asking for additional time to "double-check[] [their] records" and "work with [FedEx's counsel] on this and [] dismiss any drivers who [they] agree were inadvertently included." (11/18-11/19/24 Emails Between S. Liss-Riordan and J. Scott, attached as Exhibit 1 at 4.) Despite having its requested four months to conduct proper due diligence, LLR further stated it was "working on a deadline to file these complaints before the

tolling deadlines. While we tried to catch administrative mistakes, you've identified a few that slipped through, so we're just trying to do a more comprehensive job of finding an [sic] any others and addressing your concerns." (*Id.*) FedEx's counsel explained why such selective dismissals would not resolve the Rule 11 problems and why, therefore, it would not agree to LLR's requested extension. (*See generally id.*)

Instead of dismissing the amended complaint without prejudice on November 29, LLR filed a Notice of Voluntary Dismissal of 216 Plaintiffs, purportedly pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 22.) However, such attempted partial dismissal without court approval under Rule 41(a)(1)(A)(i) is ineffective, as it is not a dismissal of the "action." *See, e.g.*, *Otto et al. v. Williams*, No. 15-3217, 2016 WL 3136923, at * 3-4 (E.D. Pa. June 6, 2016) (refusing plaintiffs' attempt to dismiss, without prejudice, several claims against several defendants and also plaintiffs' attempt to "withdraw [completely] as a party Plaintiff without prejudice" one of the named plaintiffs (internal quotation marks omitted), particularly where Rule 11 is potentially implicated); *id.* at *3 ("Although Rule 41(a)(1)(i) allows the withdrawal without prejudice of *all* claims against a defendant before an answer is filed, it does not provide for selective withdrawal." (citing *Chan v. Cnty. of Lancaster*, No. 10-cv-03424, 2013 WL 2412168, at *15-16 (E.D. Pa. June 4, 2013))). *See also, e.g.*, *Stache v. Mid Mon Valley Transit Auth.*, No. 19-1364, 2020 WL 1477199, at *2 (W.D. Pa. Mar. 26, 2020) ("Courts have concluded that, because Rule 41(a) describes voluntary dismissal of an 'action,' it does not allow for piecemeal voluntary dismissals of less than all claims against any single defendant."); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 (11th Cir. 2023) ("Today we make explicit what our precedent has implied for almost two decades: Federal Rule of Civil Procedure 41(a)(2) provides only for the dismissal of an entire action. Any attempt to use this rule to dismiss a single claim, or

3

anything less than the entire action, will be invalid—just like it would be under Rule 41(a)(1)."); *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." (internal quotation marks omitted)).

Regardless, for the reasons explained both in conferral with LLR and in FedEx's memorandum in support of this motion, at pages 23-25, selective dismissal of those individuals for whom FedEx has identified problems does not resolve LLR's Rule 11 violations. Indeed, LLR's request for FedEx to conduct LLR's due diligence and subsequent partial "voluntary dismissal" proves LLR's amended complaint was filed in violation of Rule 11 as described in FedEx's memorandum and that it must be dismissed.

Because LLR has not withdrawn the offending pleading and has not met its Rule 11 obligations, FedEx files the instant Rule 11 motion.

Dated: December 2, 2024

Respectfully submitted,

*s/ Jessica G. Scott*
Jessica G. Scott (CO 37287) (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:    303.244.1800
Facsimile:    303.244.1879
scott@wtotrial.com

Joseph P. McHugh (PA 77489)
Shanicka L. Kennedy (PA 88306)
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA  15108
Telephone:    412.859.5917
Telephone:    412.859.5792
Facsimile:    412.859.5413
joseph.mchugh@fedex.com
shanicka.kennedy@fedex.com

Attorneys for Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc.

5

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on December 2, 2024, I electronically filed the foregoing **FEDERAL EXPRESS CORPORATION'S MOTION FOR RULE 11 SANCTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

- **Sara R. Schalman-Bergen**
  ssb@llrlaw.com, courtssb@llrlaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Matthew Carrieri**
  mcarrieri@llrlaw.com

- **Jeremy Edward Abay**
  jabay@llrlaw.com

- **Harold Lichten**
  hlichten@llrlaw.com

*s/ Jessica G. Scott*