# EXHIBIT 1

| | |
|---|---|
| **From:** | Scott, Jessica |
| **To:** | Shannon Liss-Riordan |
| **Cc:** | McHugh, Joe; Kennedy, Shanicka; Jeremy Abay; Sarah Schalman-Bergen; Matthew Carrieri; Harold Lichten; Ross Barna |
| **Subject:** | RE: Rule 11 filings in FedEx cases |
| **Date:** | Tuesday, November 19, 2024 2:26:13 PM |
| **Attachments:** | image001.png |

Shannon,

We disagree there would be no need to dismiss the complaints and refile them. Partially addressing the concerns we identified does not adequately address the Rule 11 violations. The amended complaints were filed in violation of Rule 11. These were not "administrative mistakes." Plaintiffs' counsel did not fulfill their obligations under Rule 11 before filing. Continued, piecemeal revisions of the complaints involving more than 12,000 people is not viable nor does it resolve the Rule 11 problems even close to completely. We do not believe there is anything further to discuss as the only remedy appropriate here is dismissal of the complaints in full without prejudice to refile as it is clear that neither the Plaintiffs nor the complaints were adequately vetted.

Jessica


**Jessica G. Scott (she/her/hers)**
**Partner, Diversity & Inclusion Co-Chair**
**Wheeler Trigg O'Donnell LLP**

---

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Tuesday, November 19, 2024 9:18 AM
**To:** Scott, Jessica <scott@wtotrial.com>
**Cc:** McHugh, Joe <joseph.mchugh@fedex.com>; Kennedy, Shanicka <shanicka.kennedy@fedex.com>; Jeremy Abay <jabay@llrlaw.com>; Sarah Schalman-Bergen <ssb@llrlaw.com>; Matthew Carrieri <mcarrieri@llrlaw.com>; Harold Lichten <hlichten@llrlaw.com>; Ross Barna <rbarna@llrlaw.com>
**Subject:** Re: Rule 11 filings in FedEx cases

> **WARNING:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact the IS Department at i.s.dept@wtotrial.com

Jessica -

We understand your position, but we are also working to address any issues you have raised that we may agree with. In your motion, you've asked us to dismiss the complaints and refile them. But there would be no need for that if we just get a little more time to go through the issues you've raised.

As you know, we were working on a deadline to file these complaints before the tolling deadlines. While we tried to catch administrative mistakes, you've identified a few that slipped through, so we're just trying to do a more comprehensive job of finding an any others and addressing your concerns.

Shannon

> On Nov 19, 2024, at 10:31 AM, Scott, Jessica <scott@wtotrial.com> wrote:
>
> Shannon,
>
> We made it clear in both my cover emails serving the Rule 11 motions as well as the briefs in support of the motions that an attempt by LLR to offer up dismissals of those Plaintiffs we gave as examples would not suffice. They are just that, examples.
>
> The examples prove that the amended complaints, <u>as a whole</u>, violate Rule 11(b)(1)-(3). They prove that LLR did not (1) effectively communicate with <u>each</u> Plaintiff about their obligations as named Plaintiffs, (2) ensure that <u>each</u> Plaintiff is willing and able to participate and meet the obligations of being a Plaintiff and that LLR can meet its obligations in representing them to do so in a timely and efficient manner, or (3) conduct a reasonable inquiry to determine whether <u>each</u> Plaintiff's claims "are warranted by existing law" and "have evidentiary support or…will likely have evidentiary support." The amended complaints in *Abner*, *Brannon*, *Doyle*, and *Alleyne* all violate Rule 11 as a whole, and agreeing to piecemeal dismissals of certain Plaintiffs does not resolve these problems.

FedEx will not agree to the extension you request below because the sole purpose of your requested extension is to attempt to work towards potentially dismissing certain Plaintiffs. Again, that is not the relief that will address the problem. We do not agree that we have provided any "vague allegations" in FedEx's motions. FedEx has specifically identified examples that provide evidence of LLR's Rule 11 violations. It is not FedEx's job to help Plaintiffs meet their Rule 11 obligations, nor could it, so there is no basis on which to agree to an extension.

As you know, we appreciate the professional courtesy mutually extended in our various cases and certainly aim to agree to extensions of time when feasible and warranted. However, in this situation, the only deadline Plaintiffs have upcoming is to decide whether to dismiss without prejudice the four complaints. Plaintiffs need not be prepared to file anything (other than the dismissals). But, it sounds to us as if Plaintiffs have already decided they have no intention of dismissing these complaints, so there is no point to an extension.

Jessica


**Jessica G. Scott (she/her/hers)**
**Partner, Diversity & Inclusion Co-Chair**
**Wheeler Trigg O'Donnell LLP**


**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Monday, November 18, 2024 5:32 PM
**To:** Scott, Jessica <scott@wtotrial.com>
**Cc:** McHugh, Joe <joseph.mchugh@fedex.com>; Kennedy, Shanicka <shanicka.kennedy@fedex.com>; Jeremy Abay <jabay@llrlaw.com>; Sarah Schalman-Bergen <ssb@llrlaw.com>; Matthew Carrieri <mcarrieri@llrlaw.com>; Harold Lichten <hlichten@llrlaw.com>
**Subject:** Rule 11 filings in FedEx cases

> **WARNING:** This is an external email. Please take care when clicking links or opening attachments. When in doubt, contact the IS Department at i.s.dept@wtotrial.com

Jessica –

We're going through your motions and double-checking our records regarding your assertions that some plaintiffs were included in our recent filings who should not have been included. We are happy to work with you on this and will dismiss any drivers who we agree were inadvertently included. This process will take some time, and as we read it, our current deadline to respond to you is next Friday, the day after Thanksgiving. Would you agree to give us two additional weeks, to December 13?

Also, it would be helpful if you have already compiled any lists of drivers who you think were improperly included so we can check on them and see if we agree. As it stands, your motion refers only to a small number of drivers specifically with vague allegations about other drivers, and we do not know which other drivers you are referring to.

Thank you,
Shannon

---------------------------------------------
Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com