# Exhibit B

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ANGEL SULLIVAN-BLAKE, et al.,

        Plaintiffs,
                                        Civil Action
     vs.
                                        No. 18-1698
FEDEX GROUND PACKAGE SYSTEM, INC.,

        Defendant.
_____



     Transcript of proceedings on January 27, 2021,
United States District Court, Pittsburgh, Pennsylvania,
before Robert J. Colville, District Judge



APPEARANCES:

For the Plaintiffs:       Shannon Liss-Riordan, Esq.
                          Peter Winebrake, Esq.
                          Michelle Cassorla, Esq.
                          Dustin T. Lujan, Esq.
                          Zachary L. Rubin, Esq.

For the Defendant:        Jessica G. Scott, Esq.
                          Joseph P. McHugh, Esq.
                          Shanicka L. Kennedy, Esq.




Court Reporter:           Richard T. Ford, RMR, CRR
                          6260 Joseph F. Weis Jr. US Courthouse
                          Pittsburgh, PA  15219
                          (412) 261-0802



Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

1  get discovery from as many opt-ins as possible for a couple
2  reasons. One is because they want to deter people from
3  participating in the case, that's the number one option.
4  Inevitably a lot of people who were chosen to participate in
5  discovery simply won't do it. A lot of people opted in. If
6  they're told that they need to take further action in the
7  case, a lot of them just won't do it.
8         So this is the way that defendants try to weed
9  people out of these large collective actions. And, of course,
10 the whole purpose of the FLSA collective action mechanism is
11 to allow people who have claims under the FLSA to have them
12 pursued by representatives who are willing to do the work and
13 work with counsel and be involved in the legal proceeding.
14         The other thing that I just want to point out here
15 that's interesting is that for some reason -- I am not exactly
16 sure of the genesis of this -- but the case law has diverged
17 for some reason between FLSA cases and Rule 23 opt-out cases
18 where it seems to be somewhat common for large numbers of
19 opt-ins in FLSA cases to go through discovery. Not thousands,
20 I am not aware of any case where so many thousands of opt-ins
21 like FedEx is proposing have gone through discovery. But
22 whereas in Rule 23 cases courts recognize generally that only
23 the named plaintiffs get deposed and very rarely do unnamed
24 class members get -- I am sorry, go through discovery.
25 Depositions, we are not even talking about depositions yet.

1                As a practical matter, what we want to do is put a
2    schedule in place that will move this case toward trial and be
3    realistic.  Another reason that defendants often seek
4    discovery from such broad groups of people is that that can
5    delay a case because taking discovery from thousands of people
6    would obviously be extremely time-consuming and that might
7    make it unclear when we would ever see a trial in this matter.
8    But we would like to actually be looking forward to when a
9    trial may be set in this matter.  It would be great if we
10   could start talking about when the Court envisions that
11   happening.  Then we can all work expeditiously toward that.
12               As a practical matter, at a trial you are not going
13   to have thousands of opt-ins testifying at a trial.  You are
14   not going to see hundreds of opt-ins testify at a trial.  Even
15   for very large collective actions at most the number of
16   opt-ins who testify have been more in the dozens or tens or
17   even less than that.
18               So we think that our offer of FedEx starting with
19   discovery of 500 opt-ins is very generous, it's far more
20   people than would ever actually testify at trial, and thus
21   would be more than sufficient to allow FedEx to prepare its
22   defense of the case.
23               FedEx acknowledges that it is not even trying to
24   get so-called statistical significance.  It claims that even
25   its proposal wouldn't allow it to get statistically

```
 1              THE COURT:  Thank you very much.  I have a very
 2   quick question, maybe dumb question.  The argument today is
 3   simply the number of plaintiffs?  We're not talking about
 4   scope of the discovery?  Have you seen the written discovery
 5   that's been propounded?
 6              MS. LISS-RIORDAN:  Yes.  It is a questionnaire.  So
 7   we are going through a similar process right now in the case
 8   that we have pending in Massachusetts that just concerns
 9   Massachusetts drivers, that is the Roy versus FedEx case.  The
10   same counsel are involved -- well, it is our firm and
11   Ms. Scott just for Massachusetts drivers.
12              So in that case where we have about 500 some odd
13   opt-ins, the Court ordered this written discovery for 50.  We
14   have been going through this process of doing the discovery
15   for 50.  So we have used FedEx's questionnaire on the 50.
16              I will say it's been very hard, we have been
17   working very hard, our associates and our paralegals have been
18   working very hard on responding to discovery even for 50, and
19   it has been very difficult.  Because it's just hard to get
20   people who opted into a case who understood that somebody else
21   was going to be prosecuting the case for them to actually
22   engage in discovery.
23              So, again, we are having a battle there about those
24   who are not responsive to the discovery are going to be
25   dismissed from the case.
```

1  there is just no need to dig into this level of discovery of
2  thousands of drivers.
3              Ms. Scott and FedEx are going to have plenty of
4  discovery and information that they will need to prepare their
5  motion for decertification.  The issues that she's thrown out
6  are examples of the kind of arguments that I am sure they will
7  make in their motion for decertification.  If they get
8  questionnaires back from 500 drivers, I am sure there will be
9  ample examples that they can use to make the kinds of
10 qualitative arguments that they are going to make to the Court
11 about why the case should be decertified.
12             It is going to come down to essentially a legal
13 question, I believe, that the Court is going to need to make
14 about whether or not those kinds of differences that FedEx is
15 going to come up with from this discovery are material to the
16 issue of whether FedEx is a joint employer of these drivers.
17 We're expecting to show through common evidence about what
18 FedEx's practices actually are, that show that FedEx really is
19 the employer of these drivers.
20             Ms. Scott's argument again about how you need to
21 look much more closely at everyone's situation regarding
22 whether or not they were paid overtime or how they should have
23 been paid overtime, I mean, if you are going to get to that
24 level of detail, it's just a different question than what we
25 are looking at at the outset.

1              Even FedEx's proposal of taking discovery from
2     three or four or six or seven thousand drivers won't get the
3     answer for them for everyone.  The argument she was just
4     making really sounded like a decertification argument, not an
5     argument about how much discovery do they need.  Getting
6     discovery from 500 drivers is going give them plenty of
7     arguments to you as to why they think that the case should be
8     decertified.
9              But it is not going to get us any closer to a
10    question on just how many drivers do they need to get the
11    discovery from in order for you to consider these arguments
12    and FedEx to have ample opportunity to make its arguments.
13             We think this is really going to be a qualitative
14    legal argument, and the amount of discovery we have offered
15    for them to take to get it started is more than enough to get
16    it going.  We do want this case to have some planned timeline
17    in effect, otherwise it could take years to do this kind of
18    discovery.  It shouldn't take that long.
19             I will just refer back again to the MDL that did
20    take about a decade regarding the challenge to FedEx's
21    classification of its drivers as independent contractors.  It
22    went on for over about ten years.  There were cases from most
23    of the 50 states that were combined into a single
24    multidistrict litigation.  Yet in all of those years that that
25    case proceeded for, no more than I believe a few hundred