# Exhibit K

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0601-WJM-SKC

ANDREW BACHANOV, on behalf of himself and all similarly situated,

    Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendant.

---

**ORDER GRANTING DEFENDANT FEDEX GROUND'S
MOTION FOR SUMMARY JUDGMENT**

---

This employment wage dispute is before the Court on Defendant FedEx Ground Package System, Inc.'s ("FedEx Ground") Motion for Summary Judgment (the "Motion"). (ECF No. 19.) Plaintiff Andrew Bachanov responded in opposition (ECF No. 36), and FedEx Ground replied (ECF No. 38). For the following reasons, the Motion is granted.

**I. STANDARD OF REVIEW**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for

the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. BACKGROUND

### A.    Undisputed Facts[1]

FedEx Ground is registered as a motor carrier of property for compensation with the U.S. Department of Transportation ("USDOT") and the Federal Motor Carrier Safety Administration ("FMCSA").  (ECF No. 19-1 ¶ 4.)  As a registered motor carrier, FedEx Ground is subject to the regulatory authority of the USDOT and the FMCSA.  (*Id.* ¶ 5.)  FedEx Ground provides package pick-up and delivery services for compensation to businesses and residences in all fifty states.  (*Id.* ¶ 6.)  The vast majority of packages delivered from FedEx Ground stations in Colorado originated outside of Colorado.  (*Id.* ¶ 7.)

---

[1]  The following factual summary is taken from FedEx Ground's Statement of Undisputed Facts (ECF No. 19 at 2–3) and Bachanov's Additional Statement of Undisputed Facts (ECF No. 36 at 2).  Bachanov states that all of FedEx Ground's proposed undisputed facts are admitted for purposes of resolving the Motion.  (ECF No. 36 at 2.)  Bachanov added one statement of fact regarding his lack of interstate travel for work (*id.*), which FedEx admits for the purposes of the Motion (ECF No. 38 at 2).  All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Bachanov was employed as a delivery driver by an independent business entity with which FedEx Ground contracted for delivery services, from November 2016 to November 2018.  (ECF No. 9-2 at ¶¶ 2, 7.)  While working for FedEx Ground, Bachanov never traveled outside of Colorado.  (ECF No. 36-1 at ¶ 13.)

## B.   Procedural History

On January 31, 2020, Bachanov filed the Class Action Complaint in the District Court of Denver County, Colorado.  (ECF No. 9-2.)  Based on allegations that FedEx Ground failed to pay its drivers overtime wages required by Colorado law, he alleges two claims: (1) violation of the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101, *et seq.*; and (2) violation of the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. § 8-6-101, *et seq*.  Bachanov brings the case as a class action under Colorado Rule of Civil Procedure 23.  (ECF 9-2 ¶¶ 19–20.)  Accordingly, Bachanov preliminarily defines the class as follows:

> **ALL CURRENT OR FORMER LOCAL FEDEX DRIVERS WHO WERE NOT COMPENSATED LAWFULLY FOR ALL OVERTIME HOURS WORKED IN COLORADO WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.**

(ECF No. 9-2 ¶ 19.)

On March 3, 2020, FedEx Ground removed the case based on diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  (ECF No. 1 at 1.)  On March 31, 2020, FedEx Ground filed the Motion (ECF No. 19), which became ripe for review on May 19, 2020 (ECF No. 38).

# II. ANALYSIS

## A.    Legal Background

The Colorado Minimum Wage Order (the "Wage Order"), promulgated under the CMWA, sets the minimum wage and overtime pay requirements for Colorado employees who work in certain industries.  *See* Colo. Dep't of Labor & Emp't Wage Order Archive, at https://cdle.colorado.gov/wage-and-hour-law/wage-order-archive (last visited Dec. 2, 2020); *see also* Colo. Rev. Stat. § 8-6-101, *et seq.*[2]  Wage Orders 32–34 were effective between November 2016 and November 2018, the time in which Bachanov performed the work for FedEx Ground creating the basis for this lawsuit.[3]  Relevant here, Wage Orders 32–34 exempt drivers who transport goods in interstate commerce from the minimum wage and overtime pay requirements:

> 5.    **Exemptions from the Wage Order:**
>
> The following employees or occupations, as defined below, are exempt from all provisions of Minimum Wage Order No. 32: administrative, executive/supervisor, professional, outside sales employees, and elected officials and members of their staff.  Other exemptions are: companions, casual babysitters, and domestic employees employed by households or family members to perform duties in private residences, property managers, *interstate drivers, driver helpers, loaders or mechanics of motor carriers*, taxi cab drivers, and bona fide volunteers. . . .

---

[2] The Wage Order is reissued yearly to reflect the current Colorado minimum wage.

[3] Wage Order 32 was effective January 1, 2016 to December 31, 2016; Wage Order 33 was effective January 1, 2017 to December 31, 2017; and Wage Order 34 was effective January 1, 2018 to December 31, 2018.  *See* Colo. Dep't of Labor & Emp't Wage Order Archive, at https://cdle.colorado.gov/wage-and-hour-law/wage-order-archive (last visited Dec. 2, 2020).

(ECF No. 19-2 at 6 (emphasis added).)[4]

Although the Wage Orders do not define any of the terms used in the interstate-driver exemption, the terms originate in the Motor Carrier Act ("MCA") exemption to the Fair Labor Standards Act ("FLSA").  *See* 29 U.S.C. § 213(b)(1) (excluding from the FLSA's overtime requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49"); *see also* 49 U.S.C. § 31502(b) (stating that the Secretary of Transportation has authority to prescribe requirements for, among other things, motor carriers engaged in interstate and foreign commerce).

In *Deherrera v. Decker Truck Line, Inc.*, the Tenth Circuit addressed whether the Wage Order exempts "interstate drivers"—specifically truck drivers who only drive the intrastate leg of a shipment in Colorado—from overtime requirements.  820 F.3d 1147, 1151, 1159–60 (10th Cir. 2016).  The Tenth Circuit noted that the applicability of the exemption depends on whether the employee is engaged in interstate commerce.  *Id.* at 1154–55.  In *Foxworthy v. Hiland Dairy Co.*, the Tenth Circuit explained the principle that intrastate transportation may still be interstate in character when it "forms a part of a 'practical continuity of movement' across state lines from the point of origin to the point of destination."  997 F.2d 670, 672 (10th Cir. 1993) (quoting *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568 (1943)).  Consistent with *Foxworthy*, *Deherrera* found that "[a]n employee engages in interstate commerce where the 'essential character' of the shipment is interstate in nature."  *Deherrera*, 820 F.3d at

---

[4] The exemption language is the same in Wage Orders 32, 33, and 34.

1155 (citations omitted).  Thus, the Tenth Circuit held that "[b]y driving an intrastate leg of shipments in interstate commerce, Plaintiffs became subject to the authority of the Secretary of Transportation and were thus exempt from the overtime pay requirements fo the FLSA and the [Colorado] Wage Order." *Id.* at 1147, 1151, 1159–60; *see also Combs v. Jaguar Energy Servs., LLC*, 683 F. App'x 704, 707 (10th Cir. 2017).

In applying that holding to the Wage Order, *Deherrera* determined that the Wage Order's exemption for interstate drivers "should be read in harmony with the meaning of interstate commerce under the MCA exemption to the FLSA":

> We read these two exemptions harmoniously because many of the Wage Order provisions (including the overtime exemptions) are patterned largely after the FLSA . . . .  And where a state law is patterned after a federal law or designed to implement its policies, federal constructions of the law "should be accorded great weight."  *See People v. Gallegos*, 251 P.3d 1056, 1062 (Colo. 2011).  *Because Plaintiffs are engaged in interstate commerce for purposes of the MCA exemption to the FLSA* (as we established above), *they are also "interstate drivers" under the Wage Order exemption.*

*Combs*, 683 F. App'x at 707 (quoting *Deherrera*, 820 F.3d at 1161 (emphasis added)). Notably, the Tenth Circuit observed that "[w]hen read in context, we do not believe the disputed terms here present any ambiguity."  *Deherrera*, 820 F.3d at 1161.  Ultimately, the Tenth Circuit found that truck drivers who transported goods *entirely within the state of Colorado* were nonetheless essentially engaged in interstate commerce and exempt from the FLSA's overtime provisions and Colorado's Wage Order.  *See id.*

In a subsequent, unpublished case examining *Deherrera*, the Tenth Circuit noted that it considers *Deherrera*'s "stand-alone rationale, based on Colorado precedent, for

concluding that the interpretation of the Wage Order exemption should be guided by judicial constructions of the MCA exemption" to be "a binding panel holding." *Combs*, 683 F. App'x at 708 n.3; *see also Nelson v. FedEx Ground Package Sys., Inc.*, 2019 WL 1437765, at *4 (D. Colo. Feb. 8, 2019) (*Deherrera* is binding precedent); *Bracamontes v. Bimbo Bakeries U.S.A. Inc.*, 2017 WL 3190740, at *3 (D. Colo. July 14, 2017) (applying *Deherrera* and *Foxworthy*).

In 2018, Division I of the Colorado Court of Appeals diverged from *Deherrera*, finding as a matter of first impression that the Wage Order's "interstate driver" exemption applies "only to drivers whose work takes them across state lines." *Brunson v. Colo. Cab Co., LLC*, 433 P.3d 93, 100 (Colo. App. Feb. 8, 2018), *cert. granted*, 2018 WL 3019042 (Colo. June 18, 2018), and *cert. dismissed*, 2019 WL 578344 (Colo. Jan. 29, 2019). *Brunson* found that the term "interstate drivers" was ambiguous, reasoning that it could mean drivers who crossed state lines or drivers who transported goods in interstate commerce without crossing state lines, consistent with the MCA. *Id.* at 97. Given this ambiguity, the court looked beyond the express language of the exemption to understand the term's meaning. *Id.* Rejecting *Deherrera*, the court relied on the Colorado Department of Labor and Employment's ("CDLE") Advisory Bulletin (ECF No. 36-2; ECF No. 38-2), which separately defined "interstate" and "intrastate" drivers, and found that the term "interstate drivers" in the Wage Order

applies only to drivers whose work takes them across state lines.[5]  *Id.* at 99, 101.

The court concluded that the Wage Order's interstate drivers exemption "does not resemble, much less closely parallel, the MCA overtime pay exemption to the FLSA" and did "not perceive the similarities identified by *Deherrera* as demonstrating a sufficiently close parallel between the state and federal overtime pay exemption provisions." *Id.* at 98–99 (citations omitted).  Thus, *Brunson* accorded a narrower meaning to "interstate drivers" than that accorded under the MCA exemption.

Following *Brunson* and effective as of March 16, 2020, a new, revised CDLE order known as the Colorado Overtime and Minimum Pay Standards Order 36 ("COMPS Order 36") replaced Wage Order 35 and all prior Wage Orders.  *See* 7 Colo. Code Regs. § 1103-1:1(1.1).  COMPS Order 36 differs from the prior Wage Orders by adding language adopting the position that the interstate driver exemption only applies to drivers whose individual delivery routes physically cross state lines:

> 2.2.6 Interstate transportation workers and taxi cab drivers.
>
> This exemption covers:
>
> (A) an employee who is a driver, a driver's helper, or a loader or mechanic of a motor carrier, *if the employee crosses state lines in the course of his or her work*; and
>
> . . . .

7 Colo. Code Regs. § 1103-1:2 (2.2.6) (emphasis added).  In the Statement of Basis,

---

[5] *Brunson* did not "give the Advisory Bulletin the same deference that an agency's interpretation arrived at after notice-and-comment rulemaking would warrant under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984)."  *Brunson*, 433 P.3d at 99.  But the court concluded the Advisory Bulletin interpretation was "entitled to respect."  *Id.*

Purpose, Specific Statutory Authority, and Findings, the CDLE explained the new

construction of Rule 2.2.6:

      d.    **Rule 2.2.6. Taxi cab drivers or Interstate transport workers.**

      Rule 2.2.6 preserves the exemption in Section 5 of Order #35 for "interstate drivers, driver helpers, loaders or mechanics of motor carriers, [and] taxi cab drivers," with important clarifications.  The construction of "interstate drivers, drivers helpers, loaders or mechanics of motor carriers" in Order #35 left unclear (1) whether "interstate" qualified "drivers" only, or qualified "drivers helpers, loaders or mechanics" and (2) whether "interstate" was intended to have the definition used in the federal Motor Carrier Act of 1935 ("MCA") (essentially, in interstate commerce), or to mean actually crossing state lines. This ambiguity created conflicting federal and state precedent, with the former holding that the exemption was coextensive with the FLSA MCA exemption [citing in footnote *Deherrera* and *Combs*] and the latter holding that "interstate" required crossing state lines (but *only* for drivers) [citing in footnote *Brunson*].  The Division's original intent with this exemption was in line with the state court precedent: to exempt employees whose work took them across state lines and thus beyond the Division's jurisdiction.  Rule 2.2.6 now clarifies this intended interpretation, which applies to drivers as well as drivers helpers, loaders, and mechanics.

    . . . .

*See* Colo. Dep't of Labor and Emp't, Division of Labor Standards and Statistics,

Statement of Basis, Purpose, Specific Statutory Authority, and Findings,

https://www.colorado.gov/pacific/sites/default/files/7%20CCR%201103-

1%20Statement%20of%20Basis,%20Purpose,%20Authority,%20and%20Findings.pdf

(last visited Dec. 1, 2020); (ECF No. 38-1 at 3–4).

**B.      Parties' Arguments**

The defining question in this case is whether Bachanov is an interstate driver within the meaning of the Wage Order even though he only drove for FedEx Ground within Colorado.

As an initial matter, FedEx Ground underscores that Wage Orders 32–34 apply here because they were effective during Bachanov's employment with FedEx Ground, not COMPS Order 36 (which post-dated Bachanov's employment with FedEx Ground).[6] (ECF No. 19 at 4, 8.)  Thus, FedEx Ground argues, as an interstate driver, Bachanov was exempt from the overtime provisions of Wage Orders 32-34.  (*Id.*)

In the Motion, FedEx Ground argues that the interpretation of the Wage Order's interstate driver exemption rendered in *Deherrera*, a published Tenth Circuit opinion, controls the outcome here.  (*Id.* at 6.)  FedEx Ground relies on principles of *stare decisis*, which provide that "when a panel of [the Tenth Circuit] has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit, and on subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue."  *Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1295 (10th Cir. 2010) (alterations added and citations omitted).  FedEx Ground emphasizes that the Colorado Supreme Court has not issued any decisions expressing a contrary interpretation, and thus this Court must follow and apply *Deherrera*.  (*Id.*)

FedEx Ground anticipates Bachanov's argument that he is an intrastate driver

---

[6] Bachanov does not appear to dispute this point, instead arguing that Wage Orders 32–24 were intended to mean the same thing as COMPS Order 36 or that the Court should retroactively apply COMPS Order 36.  (*See* ECF No. 36.)

10

and not covered by the Wage Order's exemption for interstate drivers, and that COMPS Order 36 applies to him.  (*Id.* at 8.)  However, FedEx Ground argues that COMPS Order 36 cannot apply to Bachanov's case because his employment predated the effective date of that order.  (*Id.*)  Moreover, because the Tenth Circuit found in *Deherrera* that the meaning of "interstate" as used in the Wage Orders is unambiguous and consistent with the ordinary use of the term in the FLSA and other regulations and statutes, this Court must follow that interpretation regardless of what the CDLE now says.  (*Id.*)

In addition, should the Court find that the Wage Order exemption applies only to drivers who physically cross state lines, FedEx Ground argues that enforcement of the Wage Order's overtime requirements would nonetheless be preempted as to Bachanov and other drivers employed by motor carriers engaged in the transportation of property. (*Id.* at 9 (citing 49 U.S.C. § 1450(c)(1).)

In response, Bachanov argues the Court should follow *Brunson* and find that, as an intrastate driver, the interstate driver exemption in the Wage Order does not apply to him.  (ECF No. 36 at 3–4.)  Bachanov characterizes the Tenth Circuit's opinion in *Deherrera* as an incorrect "*Erie* guess."  (*Id.* at 4.)  Further, he disputes FedEx Ground's argument that COMPS Order 36 does not apply to him because that argument "ignores CDLE's intent to clarify what the exemption has always meant."  (*Id.* at 5.)  Rather than change the law, Bachanov argues that COMPS Order 36 "merely clarified the exemption," pointing to the language in the CDLE's Statement of Basis recognizing the conflicting decisions in *Brunson* and *Deherrera* to support his position.  (*Id.*)  According to Bachanov, because it is a clarification—and not a change—"*Deherrera*'s *Erie* guess

11

never actually changed the scope of the 'interstate drivers' exemption." (*Id.* at 6.)  As

such, Bachanov asserts that the Wage Orders in effect at the time he worked for FedEx

Ground required that he be paid overtime wages.

Alternatively, Bachanov contends that even if the exemption did in fact change,

the change should be applied retroactively.  (*Id.* at 6–8.)  Acknowledging the

"presumption that legislation is prospective," Bachanov argues that the amendment can

apply retroactively if that is the legislative intent.  (*Id.* at 6.)  He asserts that the change

is not impermissibly "retrospective" in that it does not impair a vested right or create a

new obligation, duty or disability, and thus may be applied retroactively.  *See In re*

*Estate of DeWitt*, 54 P.3d 849, 854 (Colo. 2002) ("A statute is retrospective if it takes

away or impairs vested rights acquired under existing laws, or creates a new obligation,

imposes a new duty, or attaches a new disability, in respect to transactions or

considerations already past.") (internal quotation marks and citation omitted).  Finally,

Bachanov argues there is no evidence to support preemption.  (ECF No. 36 at 8–15.)

**C.  Application**

1.  *Colorado Minimum Wage Act*

(a)  <u>*Deherrera* Constitutes Binding Authority</u>

Despite Bachanov's reliance on *Brunson* and characterization of *Deherrera* as

an "*Erie* guess," the Court agrees with FedEx Ground that *Deherrera* constitutes

binding authority here.  Given that *Deherrera* directly addressed the language in the

Wage Orders that were effective during Bachanov's employment with FedEx Ground,

the Court must follow the circuit panel's published decision.  Importantly, for the

purposes of the Motion, the parties do not dispute that Bachanov solely drove within Colorado during his employment; however, under *Deherrera*, that distinction does not change the application of the exemption to Bachanov.  Applying *Deherrera*, the Court finds that Bachanov, as a driver who did not cross state lines but nevertheless transported goods in interstate commerce, is an interstate driver subject to the Wage Order's exemption.  *See Deherrera*, 820 F.3d at 1151.

While the Court is mindful that in *Combs*, the Tenth Circuit recognized the possibility that "*Deherrera*'s understanding of Colorado law could, of course, be reexamined in light of subsequent relevant state court decisions," the Colorado Supreme Court—Colorado's highest court—has not weighed in on the matter.  *Combs*, 683 F. App'x at 708.  *Brunson* is merely a decision of one division of the Colorado Court of Appeals, and one with which other divisions may disagree.

In fact, in *Gomez v. JP Trucking, Inc.*, 2020 WL 6495093, at *5 (Colo. App. Nov. 5, 2020), Division VI of the Colorado Court of Appeals did just that.[7]  Similar to this case, the *Gomez* court addressed the interstate driver exemption.  Wage Order 31 was in effect at the time of the events in *Gomez*, though the court acknowledged that the CDLE had promulgated subsequent wage orders.[8]  *Id.* at *1 n.1.  Specifically, the court recognized that after *Brunson*, the CDLE promulgated COMPS Order 36, but

---

[7] The Motion became ripe on May 19, 2020.  (ECF No. 38.)  Therefore, the parties did not have the benefit of *Gomez* when briefing the Motion.  However, the Court notes that neither party provided the Court with *Gomez* as supplemental authority.

[8] Wage Order 31 contains the same interstate driver language as the applicable Wage Orders 32–34 in this case.  *See* Colo. Dep't of Labor and Emp't, Wage Order 31, https://cdle.colorado.gov/sites/cdle/files/Minimum%20Wage%20Order%2031.pdf (last visited Dec. 1, 2020).

"[b]ecause the COMPS Order was not in effect at the time Employees worked for JP Trucking, [the *Gomez*] opinion [did] not address the scope of the COMPS Order."[9]  *Id.* at *6 n.4.

Analyzing the pre-COMPS Order 36 language, *Gomez* "depart[ed] from *Brunson*'s conclusion that the federal and state exemptions are not substantially similar."  *Id.* at *5.  Instead, aware that the CDLE had recently implemented COMPS Order 36, the *Gomez* court nonetheless rejected *Brunson* and "agree[d] with *Deherrera* that the Wage Order provisions are largely patterned after the FLSA."  *Id.*  The court observed that

> knowing the body of federal case law exempting drivers who drive only an intrastate leg of a longer journey, the Department did not add language to the Wage Order limiting the term "interstate drivers" to those who cross state boundaries.  And we may not read a restriction into the Wage Order that was not placed there by the Department.[]  *See E-470 Pub. Highway Auth. v. Revenig*, 140 P.3d 227, 229 (Colo. App. 2006) ("We may not read into a statute an exception that its plain language does not suggest, warrant, or mandate.").

*Id.* at *6.

As in *Gomez*, this Court, too, declines to retroactively read a subsequent restriction into Wage Orders 32–24.  And, simply because the CDLE has interpreted the Wage Order exemption differently than in years past in light of what it sees as conflicting judicial opinions, such an interpretation cannot supersede *Deherrera*.  Unless

---

[9] It is unclear whether the parties asked the *Gomez* court to retroactively apply COMPS Order 36, as Bachanov does here.  Nonetheless, the Court finds it instructive that although the *Gomez* court was aware of COMPS Order 36 and presumably the Statement of Basis explaining its rationale, the court did not even mention—much less analyze—whether COMPS Order 36 could be applied retroactively.  Instead, the court simply analyzed Wage Order 31.

14

and until the Colorado Supreme Court interprets the interstate driver exemption in a materially different manner, or the Tenth Circuit changes course, this Court must follow *Deherrera*.  *See Anderson Living Tr. v. WPX Energy Prod., LLC*, 306 F.R.D. 312, 430 (D.N.M. 2015), *adhered to on reconsideration*, 312 F.R.D. 620 (D.N.M. 2015) (finding that the court "cannot defy the Tenth Circuit's express holding in [*Kokins*], which is that federal district courts may only consider cases from a state supreme courts [*sic*] to be 'intervening authority' when balancing *Erie* and vertical *stare decisis*").

(b)   <u>COMPS Order 36</u>

Bachanov makes two related arguments regarding COMPS Order 36.  First, he argues that COMPS Order 36 merely clarifies the exemption.  (ECF No. 36 at 4–6.) Second, he argues that even if the exemption changed, the change is retroactive.  (*Id.* at 6–8.)  The Court finds both positions unavailing.

First, the Court finds that COMPS Order 36 changed, rather than clarified, the Wage Order exemption.  *Deherrera* determined that the Wage Order exemption was modeled after the MCA exemption, meaning that even drivers like Bachanov, who solely drive intrastate, are exempt interstate drivers under the Wage Order.  As FedEx Ground asserts, "By limiting the exemption to those who cross state lines (instead of those engaged in interstate commerce), [COMPS Order 36] fundamentally changed its scope."  (ECF No. 38 at 8.)  Despite statements by the CDLE that its intent was to "clarify" the exemption, those statements simply do not alter the fact that under *Deherrera*, the applicable Wage Orders exempted Bachanov from overtime pay, but under COMPS Order 36, he might be entitled to those overtime wages.  In the Court's

15

view COMPS Order 36 materially changed the relevant legal relationship between the parties by creating a new obligation on FedEx Ground to pay overtime wages to a class of employees previously not entitled to such compensation under the CDLE Wage Orders in effect during the putative class period.

The Colorado Supreme Court has observed that "even a clear indication of intent to clarify cannot dispositively establish the meaning of previous legislation." *Union Pac. R. Co. v. Martin*, 209 P.3d 185, 188 (Colo. 2009) (citations omitted).  Here, the Tenth Circuit found in *Deherrera* that the disputed terms of the exemption presented no ambiguity when read in context, and interpreted its meaning in one way.  The CDLE, on the other hand, insists that it has only "clarified" that the exemption, in fact, means something else.  With the central dispute teed up in this manner, the Court easily concludes that the CDLE has substantively changed the law, notwithstanding its accompanying commentary that its new Wage Order did nothing more than clarify it.[10] *See id.* at 189 (quoting 1A Norman J. Singer, Sutherland Statutory Construction, § 22:30, at 373 (6th ed. 2000) ("An amendment of an unambiguous statute indicates a purpose to change the law, whereas no such purpose is indicated by the mere fact of

---

[10] "A failure to include in amendatory legislation any adequate indication of intent to clarify existing statutory language can therefore, at most, be indicative of the legislature's understanding of the current state of the law and its desire to change it.  Especially where an existing statute has already undergone construction by a final judicial authority, further legislative amendment necessarily reflects the legislature's understanding of that construction, or perhaps simply disagreement with how it is being (or fear of how it is likely to be) interpreted by other courts.  Such an amendment can fairly be presumed to intend a change in the law—the law as the amending legislature believes it to be following earlier judicial construction—but it implies virtually nothing about original legislative intent.  Amendatory legislation, in the absence of an adequate indication of intent to clarify, may therefore, in and of itself, contribute precious little to the judicial construction of the original, un-amended statutory language."  *Martin*, 209 P.3d at 188–89.

an amendment of an ambiguous provision.")).

Further, the Court finds that the amended exemption in COMPS Order 36 cannot be applied retroactively. Colorado's constitution provides that "[n]o . . . law . . . retrospective in its operation . . . shall be passed by the general assembly." *DeWitt*, 54 P.3d at 854 (quoting Colo. Const. art. II, § 11). "A statute is retrospective if it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Id.* (internal quotation marks and citation omitted). "Retroactive application of statutes is generally disfavored by both common law and statute." *Id.* To overcome the presumption of prospectivity, the statute must reveal a clear legislative intent of retroactivity; express language of retroactive application is not required for a court to find such intent. *Id.* If a court determines that the legislature intended retroactivity, the court turns to the question of whether the statute is unconstitutionally retrospective. *Id.*

Bachanov contends that the CDLE, by referring to its "original intent" and "intended interpretation" of the exemption, intended retroactive application. (ECF No. 36 at 6.) The Court is skeptical that such language reveals "clear legislative intent of retroactivity." Nevertheless, even assuming *arguendo* that COMPS Order 36 was intended to be applied retroactively, the Court agrees with FedEx Ground that "because COMPS [Order 36] narrows the scope of the exemption, it necessarily imposes a new burden on employers by requiring the payment of overtime to employees who were

exempt under the pre-amended exemption."[11]  (ECF No. 38 at 8.)  The "retroactive application of a statute is not retrospective where it effects a change that is procedural or remedial as opposed to substantive."  *DeWitt*, 54 P.3d at 857.  Thus, as concluded earlier, the new requirement of paying overtime to drivers who were previously exempt as interstate drives under the Wage Order is a substantive change for employers.

Bachanov attempts to circumvent this conclusion by arguing that employers were already obligated to pay overtime under *Brunson*.  (ECF No. 36 at 8.)  He also argues that given what he describes as "the conflicting precedent," FedEx Ground could not have reasonably relied on existing law.  (*Id.* at 7.)  Of course, *Brunson* is not binding on this Court; *Deherrera* is.  Moreover, as FedEx Ground points out, such reasoning is circular, as it assumes that the amendment was merely a clarification of, not a change to, the exemption.  (ECF No. 38 at 8.)  As the Court finds that COMPS Order 36 cannot be applied retroactively, it also concludes that Bachanov was an exempt interstate driver under the pre-amended exemption.

Accordingly, FedEx Ground is entitled to summary judgment on Bachanov's CMWA claim.[12]

2.      *Colorado Wage Claim Act*

The CWCA provides a comprehensive statutory scheme designed to require the

---

[11] FedEx Ground does not assert that a vested right is implicated.  (See ECF Nos. 19, 38.)

[12] Because the Court has found FedEx Ground's arguments that *Deherrera* controls and COMPS Order 36 should not be applied retroactively to be determinative, the Court need not address the parties' preemption arguments.  (*See* ECF No. 19 at 9; ECF No. 36 at 8–15; and ECF No. 38 at 9–11.)

timely payment of "earned, vested, and determinable" wages or compensation and, to that end, allows for judicial relief when employers fail to pay earned wages when due. (ECF No. 19 at 9 (citing Colo. Rev. Stat. §§ 8-4-101(14)(a)(I), 8-4-109; *Cagle v. Mathers Family Tr.*, 295 P.3d 460, 469 (Colo. 2013)).)  The CWCA does not, however, "itself create any substantive right to compensation for labor and services performed." (*Id.* (quoting *Barnes v. Van Schaak Mortg. a Div. of Van Schaack and Co.*, 787 P.2d 207, 210 (Colo. App. 1990)).)  Therefore, to succeed on a CWCA claim, a plaintiff must first show that he or she is legally entitled to unpaid compensation under an employment agreement or some other, independent statutory scheme.  (*Id.* at 10.); *see Young v. Dollar Tree Stores, Inc.*, 2012 WL 3704994, at *3 (D. Colo. Aug. 24, 2012) (CWCA does not mandate payment of minimum wage and overtime pay).

In this action, Bachanov's CWCA claim is premised on FedEx Ground's failure to pay overtime as required by the Wage Order.  (ECF No. 9-2 ¶ 1.)  Because Bachanov is not entitled to overtime under the CMWA, FedEx Ground is also entitled to summary judgment on Bachanov's CWCA claim.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.   Defendant FedEx Ground Package System, Inc.'s Motion for Summary Judgment (ECF No. 19) is GRANTED;

2.   Plaintiff Andrew Bachanov's claims are DISMISSED with prejudice;

3.   Judgment shall enter in favor of Defendant, and Defendant shall have its costs, if any, upon compliance with D.C.COLO.LCivR 54.1; and

4.     The clerk shall terminate this action.


Dated this 3rd day of December, 2020.

BY THE COURT:


_____
William J. Martinez
United States District Judge

20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 20-cv-0601-WJM-SKC

ANDREW BACHANOV, on behalf of himself and all similarly situated,

     Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

     Defendant.

---

## FINAL JUDGMENT

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order Granting Defendant's Motion for Summary Judgment [ECF 59] entered by Judge William J. Martínez on December 3, 2020, and incorporated herein by reference as if fully set forth, it is

ORDERED that Defendant's Motion for Summary Judgment [ECF 19] is granted. It is further

ORDERED that Plaintiff's claims are dismissed with prejudice. It is further

ORDERED that final judgment is hereby entered in favor of Defendant, FedEx Ground Package System, Inc., and against Plaintiff, Andrew Bachanov. It is further

ORDERED that Defendant shall have its costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen days of the entry of judgment, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

This case will be closed.

DATED at Denver, Colorado this 3rd day of December, 2020.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

By: s/Anna Frank
      Anna Frank, Deputy Clerk