**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RACHEL BRANNON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:24-1128-RJC |
| | ) | |
| FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MICHAEL ABNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:24-1129-RJC |
| | ) | |
| FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| AARIN SMITH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:25-1507-RJC |
| | ) | |
| FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

1

**MEMORANDUM ORDER**

Robert J. Colville, United States District Judge

### I.        Background

The three above-captioned actions are substantively identical lawsuits that are essentially "spinoffs" from a lawsuit that was previously pending in this District for nearly seven years, *Claiborne, et al. v. FedEx Ground Package System, Inc.*, 2:18-cv-1698.  In late April 2024, the plaintiffs in *Claiborne* moved to voluntarily decertify a conditionally certified collective that included, among 30,000+ individuals, opt-ins who were dismissed without prejudice and who have now joined the above-captioned cases.  The Court granted the *Claiborne* plaintiffs' request for decertification on May 2, 2024, and, pursuant to the parties' agreement, granted the dismissed opt-ins' request to toll their statute of limitations in which to pursue their claims through August 6, 2024.  *Claiborne* – ECF No. 526.  The *Claiborne* plaintiffs subsequently withdrew their Rule 23 class action allegations in July 2024.

Plaintiffs' counsel has designated these cases as related to *Claiborne*.  In their respective Complaints, Plaintiffs assert that they were employed as delivery drivers by FedEx through intermediary employers to perform delivery services on FedEx's behalf.  Plaintiffs further assert that FedEx has violated the FLSA and certain states' laws by not paying overtime compensation to Plaintiffs for all hours worked over forty each week.  Given the Court's voluminous description of the facts at issue and the more temporally distant procedural history in prior opinions, the Court foregoes a more detailed description of the background of this case and will instead merely describe the direct procedural history that has led to the issues presently before the Court.

On September 29, 2025, the Court granted a Motion on Misjoinder, Change of Venue, and Separate Trials in Claiborne and a Motion on Misjoinder and Change of Venue in a related matter,

*Atwood, et al. v. FedEx Ground Package System, Inc.*, 2:24-cv-1127.  The Court severed the claims of the twelve remaining Plaintiffs in *Claiborne* and the claims of the two Plaintiffs in *Atwood*, and subsequently transferred those claims to appropriate forums.  On the same date, the Court also issued Memorandum Orders in two of the above-captioned matters, *Brannon* and *Abner*,[1] noting that the claims of the Plaintiffs in those mass actions were likely also mis-joined and subject to potential sua sponte action by the Court pursuant to Fed. R. Civ. P. 21.  The Court ultimately directed the Brannon and Abner plaintiffs to show cause as to why the Court should not dismiss the claims of all but one Plaintiff in each matter without prejudice to the remaining Plaintiffs filing their independent claims via individual lawsuits in their state of employment.

The *Brannon* and *Abner* plaintiffs filed their Responses (*Brannon* – ECF No. 41; *Abner* – ECF No. 40) to the Court's show cause order on October 20, 2025.  FedEx filed its Responses (*Brannon* – ECF No. 44; *Abner* – ECF No. 43) thereafter, Plaintiffs filed Replies (*Brannon* – ECF No. 45; *Abner* – ECF No. 44), and FedEx subsequently filed Surreplies (*Brannon* – ECF No. 48; *Abner* – ECF No. 47) and Notices of Supplemental Authority (*Brannon* – ECF No. 49; *Abner* – ECF No. 48).  On April 8, 2026, Plaintiffs in each of the three above-captioned matters filed Motions to Sever and Transfer Claims ("Motions to Sever") (*Brannon* – ECF No. 50; *Abner* – ECF No. 49; *Smith* – ECF No. 10).  FedEx filed Responses in Opposition (*Brannon* – ECF No. 53; *Abner* – ECF No. 52; *Smith* – ECF No. 22) to those motions, and Plaintiffs have filed Replies (*Brannon* – ECF No. 54; *Abner* – ECF No. 53; *Smith* – ECF No. 23).  The Motions to Sever involve, effectively, continuations of the arguments raised in response to the Court's show cause orders, with each of the cases involving substantively identical arguments, and the issues presently before the Court can, thus, be addressed in tandem.  In light of the voluminous briefing on the

---

[1] The *Smith* case was filed September 29, 2025, i.e., the same day that the Court issued its Memorandum Orders in the four earlier-filed related matters.

issues before the Court, the Court considers the issues of misjoinder and Court action based upon misjoinder to be fully briefed and ripe for disposition.[2]

## II.  Legal Standard

Federal Rule of Civil Procedure 20, which addresses permissive joinder of parties, provides as follows with respect to joinder of plaintiffs:

> Persons may join in one action as plaintiffs if:
>
> > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> >
> > (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1) (emphasis added).  While misjoinder is not a ground for dismissal of a case, the Court may, on motion or on its own, add or drop a party or sever any claim against a party at any time on just terms.  Fed. R. Civ. P. 21; *see also Malibu Media, LLC v. John Does 1-15*, No. CIV.A. 12-2077, 2012 WL 3089383, at *2 (E.D. Pa. July 30, 2012) ("Where misjoinder occurs, the court is empowered, by motion or sua sponte, to add or drop a party or sever any claim against a party.").

"[S]everance under Rule 21 creates independent actions resulting in separate judgments[,]" and is appropriate when the plaintiffs' claims "are 'discrete and separate,' each capable of resolution without dependence or effect on the other."  *Henderson v. Mahally*, 639 F. Supp. 3d 481, 486 (M.D. Pa. 2022).  While the United States Court of Appeals for the Third Circuit "has

---

[2] While the Court did not issue a show cause order in *Smith*, the law firm Lichten & Liss-Riordan P.C. ("Plaintiffs' counsel") represents the plaintiffs in each of the five lawsuits against FedEx that were, or are currently, pending in this District.  In light of Plaintiffs' counsel's familiarity with this litigation, the substantive identicality of the facts and issues before the Court, the Court's inherent authority to address misjoinder sua sponte under Rule 21, and the fact that the *Smith* Plaintiffs filed a Motion to Sever, the Court sees no basis to delay a decision as to the issue of misjoinder and a potential remedy for such misjoinder in *Smith*.

not established specific parameters for deciding a motion to sever claims[,]" district courts often consider:

> (1) [W]hether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof; (2) whether severance would promote judicial economy; and (3) whether either party will be unduly prejudiced by severance or its absence.

*Henderson*, 639 F. Supp. 3d 486-87.  Where the plaintiffs do not meet the standard for permissive joinder under Rule 20, "[t]he proper remedy is to grant severance or dismissal to the improper party if it will not prejudice any substantial right."  *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972).

### III.    Discussion

While Plaintiffs maintain their position that joinder is appropriate, they request by way of their filings that the Court sever their claims and transfer those claims to appropriate forums, as the Court did in *Claiborne* and *Atwood*.  Notably, *Claiborne* involved only twelve remaining Plaintiffs and *Atwood* involved only two.  By contrast, *Brannon* involves nearly 400 named Plaintiffs, *Abner* involves a frankly astounding 11,643 named Plaintiffs, and *Smith* involves 2,253 Plaintiffs.  As the Court intimated, if not explicitly stated, in its prior Memorandum Orders, the Court believes that Plaintiffs filed these mass actions as a tactical maneuver around the standard class or collective action procedures, as Plaintiffs have acknowledged that they could not maintain their claims as either a collective or class action.  *See Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 319 (3d Cir. 2022) (describing mass actions as "class actions in disguise."); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) ("[B]ut Acevedo fails to cite any cases in which a group of plaintiffs even remotely as numerous as 800 were able to join their claims.").

Plaintiffs now ask the Court, despite previously representing that *they would file* each of their claims *individually*, *see Abner* – ECF No. 30 at 1 n.1, to sever each of the 14,296 Plaintiffs' claims and transfer them to appropriate forums.  The request for the Court to transfer these cases is neither just nor warranted, and such a transfer would represent a massive administrative burden on the Court and the Clerk's Office that is simply not justified under the circumstances presented here.  Plaintiffs have filed nationwide mass actions that the Court finds to be improper, and they have sought to shift the burden of the filing of their individual claims to the Court.  Their request that the Court transfer each of the Plaintiffs' claims will be denied.  That said, Plaintiffs have also offered to personally file their individual claims following severance, so long as the Court severs their claims as opposed to dropping parties or dismissing claims.  The Court believes that such relief, while somewhat uncommon, is, nonetheless, consistent with Third Circuit precedent.  *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 846-47 (3d Cir. 2006); *see also Hannah v. Johnson & Johnson Inc.*, No. CV 18-10319, 2020 WL 3497010, at *2 (D.N.J. June 29, 2020) (severing claims and holding that the severed plaintiffs "must file separate complaints and shall each proceed under a separate civil action number upon payment of the requisite filing fee.").

The Court finds that Plaintiffs are mis-joined in the above-captioned matters.  The basis for the Court's finding of misjoinder is set forth in the Court's prior Memorandum Orders in *Claiborne*, *Atwood*, *Brannon*, and *Abner*, and is bolstered by the United States District Court for the District of Massachusetts's holdings regarding misjoinder in *Doyle* and *Alleyne*, *see Brannon* – ECF No. 49.  In particular, the Court's findings in *Claiborne* and *Atwood* as to whether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof, whether severance would promote judicial economy, and whether either party will be unduly prejudiced by severance or its absence apply equally in these substantively identical,

6

though significantly larger in terms of named Plaintiffs, lawsuits. As the Court previously explained, any suggestion that this Court could hold a trial in these cases involving hundreds or thousands of plaintiffs when plaintiffs themselves acknowledged that individual issues existed, and frankly predominated, in a matter involving only twelve plaintiffs, i.e., *Claiborne*, is patently untenable. As it did in *Claiborne* and *Atwood*, the Court further finds that Plaintiffs' claims do not arise from the same transaction, occurrence, or series of transactions or occurrences. Having made such a finding, the Court has discretion to drop parties on just terms or to sever the Plaintiffs' claims.

As alluded to above, any suggestion that the Court and the Clerk's Office should bear the overly burdensome duty of ensuring that Plaintiffs' claims are filed in appropriate forums following severance is unfounded. Plaintiffs filed the instant actions *after* acknowledging that individualized issues would prevent the Plaintiffs from proceeding on a class- or collective-basis in *Claiborne*. They should not be granted a benefit from the Court simply because they filed improper mass actions after voluntarily decertifying a collective and withdrawing their Rule 23 allegations. The Court will thus sever Plaintiffs' claims, and it will permit Plaintiffs to file their claims individually in appropriate forums. The Court will not transfer Plaintiffs' claims, as the Court will instead direct Plaintiffs, consistent with their offer to do so, to file their severed individual actions in such appropriate forums. The Court believes that this remedy balances Plaintiffs' concerns, and Third Circuit precedent, respecting the appropriateness of severance over dismissal where the statute of limitations is implicated, while also preventing the filing of improper mass actions to impose an undue burden on this District's Clerk's Office. The question thus turns to how much time should be afforded to Plaintiffs to file their individual claims, and whether those claims should be filed individually in light of the Court's misjoinder finding.

7

Taking the second issue first, the Court finds that Plaintiffs are attempting to "have their cake and eat it too," specifically in that they request that the Court not "drop" or dismiss their claims, while also seeking the opportunity to further argue whether joinder is appropriate in different forums. Had the Court "dropped" their claims, it might follow that Plaintiffs could make such an argument. However, a case cited by Plaintiffs seems to directly contradict an assertion that Plaintiffs should be able to again address the issue of joinder after severance:

> The effect of each option is quite different. When a court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice. *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1068 (3d Cir.1979); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir.2000) (Posner, J.). When that occurs, the "statute of limitations is not tolled" because we treat the initial complaint "as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir.2005) (internal quotation marks omitted). But when a court "severs" a claim against a defendant under Rule 21, *the suit simply continues against the severed defendant in another guise. White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n. 6 (3d Cir. 1999); *Elmore*, 227 F.3d at 1012. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period. *Id.*

*DirecTV*, 467 F.3d at 845 (emphasis added) (footnote omitted). Because Plaintiffs' severed claims will effectively constitute continuations of the present cases at different case numbers (and in different jurisdictions), the Court sees no reason why its determination on joinder would not constitute the law of the case. That said, the Court has no intention of offering an advisory opinion. Plaintiffs proceed at their own peril should they attempt to file further mass actions after this Court's (and/or the Massachusetts District Court's) misjoinder determination, and FedEx appears prepared to address the law of the case doctrine and collateral estoppel issues should Plaintiffs take such action. The Court's Order will, however, direct the filing of individual lawsuits consistent with the Court's misjoinder finding.

As to timing, Plaintiffs' counsel and Plaintiffs have been on notice for some time that severance (or dismissal without prejudice) was a possibility, and Plaintiffs have now insisted that

8

the Court act on severance in their Motions to Sever.  Accordingly, the Court finds that Plaintiffs are, and should be, prepared to proceed, and believes that Plaintiffs' proposal of a 120-day filing deadline is excessive given the amount of time for preparation that Plaintiffs have been afforded. Plaintiffs' claims will be severed, Plaintiffs shall be afforded 60 days to file their actions individually in appropriate forums, and the Court will mark this case as closed consistent with Plaintiffs' request. *See Abner* – ECF no. 44 at 6 n.4 ("As Plaintiffs explained in their initial response, should the Court issue an order severing their claims, they are willing to take it upon themselves to refile to ease administrative burden on the Court.  If the Court severs claims and does not transfer them, there would be no need to, as FedEx posits, 'ensure that each case has been refiled or not within the allotted time,' since any issue regarding timeliness would be an issue for the transferee court to address.  All the Court would need to do is close the action (as it did in *Claiborne* and *Atwood*), which would not be equivalent to dismissal.").  To be clear, the Court's Order is intended to provide Plaintiffs with only 60 days to file their individual claims, otherwise their claims will be time-barred.  Again, given the amount of preparation time already afforded to Plaintiffs, this Court has no intention or expectation of extending that deadline.

## IV.   Conclusion

For the reasons discussed above, the Court will sever the Plaintiffs' claims in each of the three above-captioned cases.  Plaintiffs shall be afforded 60 days from the date of the Court's Order to file their claims and pay their filing fees in appropriate forums.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: May 18, 2026
cc: All counsel of record.

9